William J. Begaít, J.
This is a motion for leave to inspect a search warrant and the papers upon which it was granted by the above-entitled defendant who was indicted by the May Term of 1961 Grand Jury for violation of section 974-a of the Penal Law. In the City Court hearing prior to presentment to the Grand Jury one of the arresting officers testified that he had a search warrant signed by this court in his possession at the time of entering the premises at 489 Broadway, Buffalo, New *1084 York. It is this search warrant that the defendant now seeks to examine.
Since the Federal case of Mapp v. Ohio (367 U. S. 643) it is clearly established that evidence obtained by an unlawful search and seizure may not be introduced into evidence in a State court criminal proceeding. The only question presented in this motion is what is the correct procedure under New York State law for objecting to what may be termed “illegally obtained evidence ” under the Mapp decision.
Since the Mapp decision our Court of Appeals has considered this broad question in People v. Loria (10 N Y 2d 368) and People v. Muller (11 N Y 2d 154); People v. Friola (11 N Y 2d 157); People v. O’Neill (11 N Y 2d 148) and People v. Coffey (11 N Y 2d 142) all decided April 5,1962.
As was said in the Loria decision (supra, p. 370): “ There can be no doubt that it is the duty of the State courts to follow the Mapp holding in all trials taking place after June 19,1961 ”.
While it is agreed that we must observe the protections of the Mapp decision, it is not certain how this right should be exercised. In Loria our Court of Appeals said (p. 374): “ We have no statutory or rule procedure comparable to subdivision (e) of rule 41 of the Federal Buies of Criminal Procedure. However, there appears to be no bar to defendant’s making an application to the court in advance of trial to suppress the challenged evidence.”
It would seem to encourage evitable trial delay if this motion had to be held until the questionable evidence was actually introduced. The best practice would be to permit such a motion in advance of the trial itself outside of the presence of the jury.
By implication at least sections 795 through 812 of the Code of Criminal Procedure suggest that objections may be raised to the validity of a search warrant and section 810 provides that the ‘ ‘ return ’ ’ of the warrant should be made to the next County Court.
The defense contends that in effect the warrant including the affidavits, inventory, etc. are public documents open to inspection by any interested party. With this contention I cannot agree. If the Legislature intended these documents to be public records it could easily have provided for their filing in the County Clerk’s office. By saying they should be returned to the next County Judge, it is clear to me that our Legislature intended that the responsibility for their supervision rest with the court and an inspection is only proper with the courts permission.
This court feels that the proper method of objecting to the validity of a search warrant should be a question for legislative *1085 consideration. In the absence of such direction by the Legislature, Part III of the Erie County Court will entertain a motion upon proper notice by a defendant to inspect search warrants, affidavits, returns, etc. of any warrant which originated out of this court.
The motion is granted. The defendant may inspect the search warrant papers, affidavits, returns, etc. dated March 30, 1961, under such supervision as the District Attorney’s office may deem proper.